UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA         :
                                 :
v.                               :
                                 :
1  ANGELO JOAQUIN,               :
        a/k/a "Pee Wee"          :
        a/k/a "Jonathan"         :
        a/k/a "Andy"             :    Cr. No. 99-26-M
2  MICHELLE SHUMAN,              :
        a/k/a "Michelle Cruz"    :
3  HIRAM VALENTIN,               :
        a/k/a "H"                :
        a/k/a "Jose"             :
4  DOROTHY COLLINS,              :
        a/k/a "Dottie"           :
5  ROBERTO MONTANEZ,             :
        a/k/a "Rob"              :
6  FHELTON CRUZ,                 :
        a/k/a "Spencer"          :
7  JULIO PEREZ,                  :
        a/k/a "Red"              :
8  CARLOS ADAMES,                :
        a/k/a "Biggie"           :
9  ARIEL CARABELLO,              :
        a/k/a "Macuco"           :
10 MOSES GUADALUPE,              :
        a/k/a "Professor"        :
11 CHRISTIAN GERMAN,             :
        a/k/a "Luminati"         :
12 JOSE INFANTE,                 :
        a/k/a "Armani"           :
        a/k/a "Braids"           :

**SECOND SUPERSEDING INDICTMENT**

The Grand Jury charges that:

FILED
IN CLERKS OFFICE
2010 NOV -2  P 2: 25
U.S. DISTRICT COURT
DISTRICT OF MASS

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK
BY: _____
    DEPUTY CLERK
    10-29-2010

## COUNT ONE

From an unknown date, but at least beginning in or about May, 1994, through and including October 15, 1999, in the District of New Hampshire and elsewhere, the defendants,

>ANGELO JOAQUIN,
>a/k/a "Pee Wee"
>a/k/a "Jonathan"
>a/k/a "Andy"
>MICHELLE SHUMAN,
>a/k/a "Michelle Cruz"
>HIRAM VALENTIN,
>a/k/a "H"
>a/k/a "Jose"
>DOROTHY COLLINS,
>a/k/a "Dottie"
>ROBERTO MONTANEZ,
>a/k/a "Rob"
>FHELTON CRUZ,
>a/k/a "Spencer"
>JULIO PEREZ,
>a/k/a "Red"
>CARLOS ADAMES,
>a/k/a "Biggie"
>ARIEL CARABELLO,
>a/k/a "Macuco"
>MOSES GUADALUPE,
>a/k/a "Professor"
>CHRISTIAN GERMAN,
>a/k/a "Luminati"
>and
>JOSE INFANTE,
>a/k/a "Armani"
>a/k/a "Braids"

did knowingly and willfully combine conspire and agree together and with other persons

both known and unknown to the Grand Jury, to distribute cocaine and cocaine base, also known as "crack", Schedule II controlled substances, contrary to Title 21, United States Code, Section 841(a)(1);

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii).

### COUNT TWO

From in or about May, 1994, through and including October 15, 1999, in the District of New Hampshire and elsewhere, the defendant,

ANGELO JOAQUIN,
a/k/a "Pee Wee"
a/k/a "Jonathan"
a/k/a "Andy"

did knowingly and wilfully engage in a continuing criminal enterprise by violating, on three occasions or more, various felony provisions of the Controlled Substance Act, including but not limited to Title 21, United States Code, Sections 841, 843, 846, 854, 856, 859 and 860, which violations were part of a continuing series of violations of these statutes undertaken by the defendant in concert with at least five other persons, with respect to whom the defendant occupied the position of organizer, supervisor or manager and from which continuing series of violations the defendant obtained substantial income and resources;

All in violation of Title 21, United States Code, Section 848 (a).

## COUNT THREE

From in or about May, 1994, through and including October 15, 1999, in the District of New Hampshire and elsewhere, the defendant,

> ANGELO JOAQUIN,
> a/k/a "Pee Wee"
> a/k/a "Jonathan"
> a/k/a "Andy"

did knowingly and wilfully engage in a continuing criminal enterprise by violating, on three occasions or more, various felony provisions of the Controlled Substance Act, including but not limited to Title 21, United States Code, Sections 841, 843, 846, 854, 856, 859 and 860, which violations were part of a continuing series of violations of these statutes undertaken by the defendant in concert with at least five other persons, with respect to whom the defendant occupied the position of organizer, supervisor or manager and from which continuing series of violations the defendant obtained substantial income and resources;

The defendant, ANGELO JOAQUIN, was the principal administrator, organizer, or leader of the enterprise; and one or more of the violations involved at least 300 times the quantity of cocaine base described in Title 21, United States Code, Section 841(b)(1)(B), that is, at least 1500 grams of cocaine base.

All in violation of Title 21, United States Code, Section 848 (b).

## COUNT FOUR

On or about May 3, 1994, in the District of New Hampshire, the defendant,

ANGELO JOAQUIN,
a/k/a "Pee Wee"
a/k/a "Jonathan"
a/k/a "Andy"

did knowingly and intentionally distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841 (a)(1).

## COUNT FIVE

From in or about March, 1997, through and including in or about September, 1997, in the District of New Hampshire, the defendant,

ANGELO JOAQUIN,
a/k/a "Pee Wee"
a/k/a "Jonathan"
a/k/a "Andy"

did knowingly and intentionally open or maintain a place, that is, 536 Hall Street, Manchester, New Hampshire, for the purpose of using, manufacturing or distributing cocaine and cocaine base, also known as "crack," Schedule II controlled substances;

In violation of Title 21, United States Code, Section 856 (a)(1).

## COUNT SIX

From in or about October, 1997, through and including in or about November, 1998, in the District of New Hampshire, the defendant,

ANGELO JOAQUIN,
a/k/a "Pee Wee"
a/k/a "Jonathan"
a/k/a "Andy"

did knowingly and intentionally open or maintain a place, that is, 117 Massabesic Street, Manchester, New Hampshire, for the purpose of using, manufacturing or distributing cocaine and cocaine base, also known as "crack," Schedule II controlled substances;

In violation of Title 21, United States Code, Section 856 (a)(1).

## COUNT SEVEN

From in or about September, 1998, through and including in or about January, 1999, in the District of New Hampshire, the defendant,

ANGELO JOAQUIN,
a/k/a "Pee Wee"
a/k/a "Jonathan"
a/k/a "Andy"

did knowingly and intentionally open or maintain a place, that is, 480 Lake Avenue Street, Manchester, New Hampshire, for the purpose of using, manufacturing or distributing cocaine and cocaine base, also known as "crack," Schedule II controlled substances;

In violation of Title 21, United States Code, Section 856 (a)(1).

## COUNT EIGHT

From in or about January, 1999, through and including in or about June, 1999, in the District of New Hampshire, the defendant,

>ANGELO JOAQUIN,
>a/k/a "Pee Wee"
>a/k/a "Jonathan"
>a/k/a "Andy"

did knowingly and intentionally open or maintain a place, that is, 258 Mammoth Road, Manchester, New Hampshire, for the purpose of using, manufacturing or distributing cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856 (a)(1).

## COUNT NINE

On or about June 4, 1999, in the District of New Hampshire, the defendant,

>ROBERTO MONTANEZ,
>a/k/a "Rob"

did knowingly and intentionally posses with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841 (a)(1).

### COUNT TEN

On or about September 27, 1999, in the District of New Hampshire, the defendant,

>DOROTHY COLLINS,
>a/k/a "Dottie"

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

>In violation of Title 21, United States Code, Section 841 (a)(1).

### COUNT ELEVEN

On or about October 1, 1999, in the District of New Hampshire, the defendant,

>DOROTHY COLLINS,
>a/k/a "Dottie"

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

>In violation of Title 21, United States Code, Section 841 (a)(1).

## COUNT TWELVE

On or about October 14, 1999, in the District of New Hampshire, the defendants,

> DOROTHY COLLINS,
> a/k/a "Dottie"
> and
> HIRAM VALENTIN,
> a/k/a "H"
> a/k/a "Jose"

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841 (a)(1) and Title 18 United States Code, Section 2.

## COUNT THIRTEEN

On or about October 14, 1999, in the District of New Hampshire, the defendant,

> DOROTHY COLLINS,
> a/k/a "Dottie"

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841 (a)(1).

## FORFEITURE COUNT

1. The allegations contained in Counts One through Thirteen of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2. From their engagement in any or all of the violations alleged in Counts One through Thirteen of this Second Superseding Indictment, punishable by imprisonment for more than one year, which counts are realleged and incorporated as if more fully set forth herein, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interest in:

    (A)    Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations;

    (B)    Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred, sold to or deposited with, a third person;

y

## FORFEITURE COUNT

1. The allegations contained in Counts One through Thirteen of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2. From their engagement in any or all of the violations alleged in Counts One through Thirteen of this Second Superseding Indictment, punishable by imprisonment for more than one year, which counts are realleged and incorporated as if more fully set forth herein, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interest in:

    (A)    Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations;

    (B)    Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred, sold to or deposited with, a third person;

(C)  has been placed beyond the jurisdiction of the Court;

(D)  has been substantially diminished in value; or

(E)  has been commingled with other property

which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

*[signature]*
FOREMAN

Dated: January 26, 2000

PAUL M. GAGNON
United States Attorney

By: *[signature]*
JEFFREY S. DOWNING
Assistant United States Attorney